[Civ. No. 8228. Second Appellate District, Division Two.—May 9, 1934.]

FREDERICK SAGE & COMPANY, LIMITED (a Corporation), Appellant, v. ALEXANDER & OVIATT CORPORATION (a Corporation), Respondent.

Janeway, Beach & Hankey for Appellant.

Rohe & Wilson, Rohe, Dottenheim & Weikert and Robert P. Dockeray for Respondent.

HAHN, J., *pro tem.*—Appeal by plaintiff from a judgment entered upon the findings and award of two of three members of a board of arbitration, the arbitration being agreed to by stipulation of the parties and carried out under the provisions of the Civil Code.

Appellant's contention is that the evidence does not support the award of the arbitrators, in this:

1st. The evidence is insufficient to sustain the findings that the defects which developed in the fixtures were due to poor workmanship or inferior materials.

2d. That plaintiff neither warranted the fixtures nor was there any implied warranty that the fixtures would serve any particular purpose of the buyer.

In August, 1927, plaintiff and defendant entered into a contract in Paris, France, whereby plaintiff agreed to manufacture and deliver to defendant at Paris certain store fronts, ceilings and store fixtures, which were to be installed by defendant in its new store then being constructed in Los Angeles. Mr. Alexander, president of defendant corporation, was then in Paris, where, under the guidance of

representatives of plaintiff he was shown store fronts and fixtures manufactured by the latter. Desiring to have in his new store fixtures similar to those shown him in Paris, plaintiff's representatives were commissioned to make the necessary drawings and specifications for the equipment. By the terms of the contract defendant was to pay $106,920 in twenty-four monthly installments.

When the fixtures were received in Los Angeles and installed, no defects of any kind appeared either in the material or workmanship. Defendant for nine months after the installation made the monthly payments provided by the contract.

However, early in 1929 the veneer on some of the cases began to check, blister and crack. In some instances it came loose from the cores. Doors and drawers became warped so as to make it difficult and in some cases impossible to close them. Mouldings and other decorative parts of the fixtures became loose and large cracks developed at the joints of the mouldings. In February, 1929, defendant wrote plaintiff advising it of these defects which had developed, and stated that no further payments would be made under the contract until the defects in question had been repaired.

After attempts to adjust matters had failed, plaintiff filed suit to collect the balance unpaid on the contract. Defendant thereupon moved for an order of court requiring plaintiff to submit the disputed matters to arbitration as provided in the contract.

Arbitration proceedings under the provisions of the Civil Code were agreed to, and the three arbitrators proceeded to examine the fixtures and take evidence bearing upon the controverted matters. In due course findings and award were made, signed by two of the arbitrators, allowing defendant $44,800 as damages due to the defects claimed. Appellant makes no objection to the allowance of $8,800 of this amount, but does vigorously contest the allowance of $36,000 which the arbitrators found was damages suffered by defendant because "plaintiff failed to manufacture said articles in a good and workmanlike manner and free from latent defects growing out of the process of manufacture, and failed to comply with said contract in the following particulars, to-wit". The findings then proceed with a statement of ninety-one specified items wherein defects had

developed and which were attributed to poor workmanship, or poorly seasoned material.

In due course defendant moved the court to confirm the award while plaintiff in turn moved to vacate it. Upon a hearing of both motions, the court denied the motion to vacate and ordered judgment confirming the findings and award.

■ Appellant argues at length that there is no substantial evidence in the record to support the findings that the defects specified were due to poor materials used, or poor workmanship, engaged in the manufacture. It may be suggested at this point that there is no contention that the defects specified did not in fact exist. Rather, appellant advances the theory that these defects were developed by the swelling caused by sea water coming in contact with the fixtures while in transit, and the subsequent drying in the summer heat of Los Angeles, or perchance by the extreme changes in the atmospheric conditions in Los Angeles from the dampness of winter to the extreme dry heat of summer.

The testimony bearing upon this phase of the case consisted in the main of opinions of experts as to the causes producing the unquestioned defects and their reasons for the conclusions stated. In addition, employees of plaintiff company testified as to the character of materials used and the method of workmanship employed in the manufacture of the fixtures. No useful purpose will be served in detailing this extended testimony. Suffice it to say that there was marked conflict in the opinions given as to what was the cause or causes of the defects. These were matters that necessarily called for opinion evidence.

■ Appellant argues that the testimony of experts offered by respondent should be accorded little or no evidentiary value as against the testimony of its witnesses, because respondent's witnesses had never had any experience in manufacturing fixtures in Paris. If there is any merit in this contention it is a matter that goes to the weight to be given their testimony. The arbitrators, sitting as a jury, were the sole judges of the weight to be given to this testimony. No objection was made at the time of taking testimony, nor before the trial court when hearing was had on the motion to confirm the award, that these witnesses were

not competent to give expert testimony. Under these conditions appellant on appeal may not be heard to urge for the first time the lack of proper foundation for the expert testimony given without objection. On the merits of the question, however, it may be pointed out that the findings of the arbitrators that formed the basis for the award did not involve any question of familiarity with methods of manufacturing in Paris, but rather with the causes that produced the unquestioned defects.

After a careful review of the record we are of the opinion that there is no merit in appellant's contention that the findings complained of do not find support in the evidence.

Appellant's next point, that there was no implied warranty against latent defects growing out of the manufacture of the fixtures, is also without merit. Sections 1769 and 1770 of the Civil Code read as follows: "1769. Manufacturer's warranty against latent defects. One who sells or agrees to sell an article of his own manufacture thereby warrants it to be free from any latent defect, not disclosed to the buyer, arising from the process of manufacture, and also that neither he nor his agent in such manufacture has knowingly used improper materials therein." "1770. Thing manufactured for particular purpose. One who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose."

It is unquestioned that the fixtures sold were not then in existence but had to be manufactured, and that when made were to be installed and used in a high-class merchandising establishment in Los Angeles. But appellant argues "that conformity with these implied warranties is to be determined with reference to conditions existing at the place of delivery, which in the case at bar was on rail in Paris". The reason for the rule of implied warranties in the case where the seller is also a manufacturer, and a different rule where the seller is not the manufacturer, requires no amplification at this time. These reasons would apply with equal force wherever the articles are made.

Plaintiff has seen fit to select California as the forum in which to press its claim. In the absence of any showing that a different rule should be applied, the controversy

must be determined according to the law prevailing in this forum.

We are of the opinion that the judgment should be affirmed. It is so ordered.

Stephens, P. J., and Craig, J., concurred.